# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| TACTICAL SOLUTIONS INCORPORATED, § § § <br> PLAINTIFF, § § § <br> VS. § § § <br> TECHNOLOGY SERVICE CORPORATION, § § § <br> DEFENDANT. § | Case No. 3:22-cv-00015 |

## DEFENDANT TECHNOLOGY SERVICE CORPORATION's NOTICE OF REMOVAL

To the Honorable United States District Court Judge:

Now comes Defendant Technology Service Corporation, to give notice of its removal of this matter to the United States District Court for the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and would respectfully show the Court the following:

## GROUNDS FOR REMOVAL

1.  This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §1332(a)(1), whereas the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between and involves citizens of different States.

2.  According to the Original Petition[1] of Plaintiff Tactical Solutions Incorporated ("TSI"), it seeks "monetary relief over $200,000 but less than $1,000,000.00" per paragraph I of its Original Petition, *See Ex. 2 to this Notice (file-stamped copy of Plaintiff's Original Petition as received by Defendant).* TSI's state court pleading further avers claims for damages under various

---

[1] The Plaintiff's Original Petition names the Defendant as "Technology Services Corporation" which name is corrected here to identify the Defendant in its proper name "Technology Service Corporation."

theories, which range from $106,989.57 *(page 3 of Ex. 2)* to $145,860.00 *(see page 4 of Ex. 2)*. Thus, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. § 1446(c)(2).

3. Furthermore, there is complete diversity of the parties because Plaintiff has alleged that it is a "corporation formed in the State of Texas." *(Ex. 2, at p. 1)*, whereas it is beyond dispute that Defendant Technology Service Corporation ("TSC") is a Delaware entity with its headquarters in the Commonwealth of Virginia. *See Declaration of London Propst (Attached as Ex. 1 to this Notice of Removal)*. Neither does Defendant TSC reside in Texas. *Id.* Given such facts, it is clear the parties are completely diverse, bringing the case squarely within the Court's removal jurisdiction.

## STATE PROCEEDING

4. On September 17, 2021, Plaintiff filed its Original Petition (the "Pleading") styled *TACTICAL SOLOUTIONS INCORPORATED, Plaintiff, v. TECHNOLOGY SERVICES (sic) CORPORATION, Defendant*, then pending in the County Court-at-law No. 3 for El Paso County, Texas, under Cause No. 2021-DCV-3363 *See complete copy of the Pleading as received by Defendant, Attached hereto at Exhibit. 2; and see contents of state court file at Ex. 3.*

5. Defendant has never been properly served whereas the Pleading was not directed to its proper agent for service. *See Propst Declaration at Ex. 1.* Neither has TSC ever received a copy of the two exhibits purportedly attached to the Original Petition. *Id.* However, an incomplete copy of the pleading (*sans* exhibits pertaining to the "Sworn Account" allegations) was received at an office of the Defendant on or after December 6, 2021. *Id.*

6. Plaintiff's Original Petition seeks damages and asserts claims for attorney's fees under alleged theories based on "sworn account", "breach of contract", and "quantum meruit" in

a dispute over an agreement for services allegedly performed by Plaintiff for Defendant.  *See Ex 2 at Part III (sic) "Causes of Action"*.  Those services involved installation or retrofitting of certain equipment to an aircraft per the averments of the Plaintiff.  *See Ex. 2 at Part II*.  The Plaintiff also claims unspecified tort damages based on allegations that Defendant failed to return certain property of the Plaintiff in support of a fourth claim for "Conversion".  *Id. at part VI.*

7.    Defendant has yet to file any response in the state court action, in view of the incompleteness of the pleading and because counsel for Plaintiff has agreed to extend the time for Defendant to file responsive pleading through January 21, 2021.  *(See copy of email exchange between counsel at Ex. 3, attached hereto)*.  TSC reserves it right to file any responsive motion allowed by Rule 12(b) or other applicable law.

8.    The Defendant's Notice of Removal is timely because it is filed within 30 days of first notice of the lawsuit to the Defendants. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347-48 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days).

9.    This Notice is filed subject to and without waiving Defendant's procedural rights under Rule 12(b), *inter alia*.

**VENUE**

10.    Except for purposes of removal, the propriety of venue in the United States District Court for the Western District of Texas, El Paso Division, is disputed, and Defendant reserves it's right to contest venue or seek any transfer, as appropriate, under Federal Rule of Civil Procedure 12(b)(3) or pursuant to 28 U.S.C. Chapt. 87, or other applicable law,  once it has received amended or supplemented pleadings in regard to the missing exhibits to the Original Petition. However, this court is the appropriate venue for removal because it is in the district and division embracing the

state court where such action is pending. *See* 28 U.S.C. § 1441(a); and compare 28 U.S.C. § 1390(c).

11.     Pursuant to 28 U.S.C. § 1446, copies of documents filed in the state court as served upon Defendants in this action are attached at *Exhibit 2*. Further, copies of documents on file in the state court are also attached with this Notice of Removal and are incorporated herein by reference at *Exhibits 4-a, 4-b, 4-c, 4-d, 4-e, 4-f*.

12.     Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d). *(Ex. 5).*

## JURY DEMAND

13.     Plaintiff made no jury demand in state court; however, Defendant reserves its right to make a proper jury demand pursuant to the Federal Rules of Civil Procedure at the appropriate time.

14.     Accordingly, Defendant Technology Service Corporation files this Notice of Removal in accordance with the provisions of 28 U.S.C. § 1441, *et. seq*. and reserves its rights to file any appropriate procedural motion or further responsive pleadings according to the Federal Rules of Civil Procedure and the Constitution.

Respectfully submitted,

**RAY | PENA | MCCHRISTIAN, P.C.**
5822 Cromo Drive
El Paso, Texas 79912
(915) 832-7200
(915) 832-7333- Facsimile

Dated: January 5, 2022      /s/ Jeffrey Thomas Lucky
**JEFFREY THOMAS LUCKY**
State Bar No. 12667350
jlucky@raylaw.com

*Attorneys for Defendant*
*Technology Services Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, a true and correct copy of the foregoing instrument has been served electronically to the under listed attorney(s) through the electronic filing manager:

James A. Martinez
Mounce, Green, Myers, Safi, Paxson & Galatzan, P.C.
100 N. Stanton Street, Ste. 1000
El Paso, Texas 79901
915/532-2000
915/541-1597 fax
Email: martinezja@jmeplaw.com

 */s/ Jeffrey Thomas Lucky*
Jeffrey Thomas Lucky